IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GONZALO BURGOS, Individually and On Behalf of All Similarly Situated Persons<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:16-cv-2245 |
| AREVALO MANUFACTURING, INC and JESUS AREVALO,<br>    Defendants. | § | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Gonzalo Burgos and all other similarly situated employees ("Members of the Class") employed by or formerly employed by Defendants, its subsidiaries and affiliated companies.

### Parties

1. Plaintiff Gonzalo Burgos ("Burgos"), former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2. Defendant Arevalo Manufacturing, Inc. ("Arevalo") is a Texas corporation and is and was an "employer" as that term is defined by the FLSA. With respect to Plaintiff, Arevalo is subject to the provisions of the FLSA. Arevalo was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant Arevalo may be served

through its registered agent, Jesus Arevalo at 15715 Bellforest, Houston, Texas 77044, or wherever he may be found.

3. Defendant Jesus Arevalo ("J. Arevalo") is an individual resident of the State of Texas and is an "employer" as that term is defined by the FLSA. With respect to Plaintiff, J. Arevalo is subject to the provisions of the FLSA. J. Arevalo was at all relevant times the control person of an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(r) and (b) and had gross annual revenues in excess of $500,000.00. J. Arevalo was the person who determined and directly controlled the employee compensation policies of Arevalo Manufacturing, Inc.. Defendant J. Arevalo may be served with process at 15715 Bellforest, Houston, Texas 77044, or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the agreement by Defendants to employ Plaintiff, which forms the basis of this complaint, occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because

Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

5. Plaintiff Gonzalo Burgos was employed by Defendants from January of 2007 until July 07, 2016 as a painter and welder. Plaintiff's duties included, but were not limited to, welding tanks and welding large spools used for winding pipes or tubes and painting the spools. During the time the Plaintiff worked for the Defendants, he regularly worked in excess of 40 hours in a workweek. In fact, Plaintiff regularly worked 60 hours or more per week. During his entire tenure with Defendants, Plaintiff was not paid any overtime premium for any of the hours he worked over 40 per workweek. Instead, Plaintiff was paid the same hourly rate ("straight time") for all hours worked regardless of how many hours he worked for Defendants.

6. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff is not an "exempt" employee.

7. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

8. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights. Defendants' knowing conduct is demonstrated by the fact that Defendants designated payments for hours over 40 as "Bonus" payments instead of straight-time hourly payments in order to hide their improper payment methods, and by the fact that Defendants continued to pay their employees the same way after the conclusion of their first FLSA lawsuit.

### Plaintiff's Individual Allegations

9. As a non-exempt employee, Plaintiff is entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) in each workweek. Defendants regularly and consistently failed to pay the Plaintiff the required overtime premium while he was employed by Defendants, and the Plaintiff worked in excess of 40 hours in many of the weeks he worked for the Defendants. Plaintiff was paid on an hourly basis, and was paid "straight time" for all hours worked, and was not paid premium pay for hours worked over 40.

10. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

### Collective Action Allegations

11. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees who do the same type of work as Plaintiff, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, and instead pays other welders on a "straight time" basis.

12. The Members of the Class perform work that is similar in nature to that performed

by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual, physical work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

13. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

16. The class of similarly situated Plaintiffs is properly defined as:

> **All welders and painters paid on an hourly basis who were employed by the Defendants Arevalo Manufacturing, Inc. ("Arevalo") and Jesus Arevalo ("J. Arevalo") during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

18. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

19. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

20. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all welders and painters employed by Arevalo Manufacturing, Inc. and Jesus Arevalo who were paid on an hourly basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members' of the Class' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
Vijay A. Pattisapu
TBA No. 24083633
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com
vijay@buenkerlaw.com
**COUNSEL FOR PLAINTIFF
GONZALO BURGOS**